## ROBERTS v GEM CITY LOAN ASSN

Ohio Appeals, 2nd Dist, Montgomery Co
No 1018. Decided Feb 24, 1931

D. H. Wysong, Dayton, for Roberts.
Marshall & Harlan, Dayton, for Loan Assn.

tion to make the entry just above recited on motion. That inasmuch as it was filed after the term and judgment was entered wherein the plaintiffs in error secured the funds by distribution, that this judgment can only be attacked by petition. The matter is determined by a construction of Sub-Heading 3 of §11361 GC.

"The Common Pleas Court or Court of Appeals may vacate or modify its own judgment or order after the term at which it was made, for mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order."

And §11634 GC provides that proceedings under the sub-head which we have just quoted shall be by motion, upon reasonable notice to the adverse party or his attorney in the action.

It seems evident to us that the action under consideration was an irregularity in obtaining a judgment, inasmuch as the trial court found that the state of the pleadings would not justify the order of distribution in favor of plaintiffs in error, and the entry was inadvertently spread on the record without opportunity of counsel representing defendants in error to see it or approve it.

In the case of **Lemieux v Kountz, Guardian, 107 Oh St**, 84 that part of the statute which we have just been considering was invoked under a situation similar to that in the instant case. A reading of the facts will disclose that a default judgment was taken without testimony during one term and a **motion** to set it aside filed at the next term of Court. The entry recited that the case came on to be heard and was submitted to the Court upon the pleadings and the evidence, and a judgment was entered pursuant thereto. The Court says at page 85:

"The judgment was therefore proper in form, and for anything that appears upon the fact of the entry, constituted a valid judgment. The entry was filed without the approval of opposing counsel, or the Judge, notwithstanding the fact that Rule 17C of the Lucas County Court required all journal entries in contested cases to have approval endorsed thereon by counsel of record, or by the Judge making the docket entry."

The Court found upon the motion that no testimony had been taken, no notice given to counsel for the unsuccessful party and that the entry was approved by neither

BY THE COURT

The claim of the plaintiffs in error is that the Trial Court was without jurisdic-

684

opposing counsel nor the Court. The Court of Appeals reversed the action of Common Pleas Court upon the proposition that there was no power to vacate a judgment for the reason that the motion was not filed within three days after the beginning of the fall term of Court.

It will be noted that the narrow question is not our specific proposition, but it is interesting to observe that at no place was the precedure by motion in the situation similar to ours attacked save as it related to the time within which it was made after term.

The Court at page 87 further says:

"It is not the province of this Court to weigh the evidence and we have merely examined the record in order to determine whether there was any evidence of **irregularity in taking or entering the judgment,** and for the further purpose of determining whether the cause was heard before it regularly stood for trial. Our examination of the record abundantly sustains the **finding of irregularity** and it also discloses that the judgment was rendered after the action regularly stood for trial."

And at page 89:

"It is sufficient to say that the Legislature had full power and authority to determine the jurisdiction of the Court of Common Pleas and its language relating to these matters is clear and unambiguous, and we find no limitation **upon the right to file a motion to set aside a judgment for irregularity in the manner of its rendition,** other than in **§11640 GC** where the three year limitation is stated."

We therefore affirm the judgment of the Trial Court.